UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN WATERS, <br><br>  Plaintiff, <br><br> v. <br><br> CHRISTOPHER MITCHELL, et al., <br><br>  Defendants. | CASE NO. C21-0087JLR <br><br> SHOW CAUSE ORDER |

On October 25, 2022, Plaintiff Jonathan Waters moved for entry of default against Defendants Christopher Mitchell and Jane Doe Mitchell (collectively, "Defendants"), who had been served on September 7, 2022, but had not appeared in this action or answered Mr. Waters's complaint. (*See* Mot. (Dkt. # 22); *see also* Dkt.) Thereafter, the Clerk entered default against Defendants. (*See* Entry of Default (Dkt. # 24).) More than five months have passed, but Mr. Waters has not moved for default judgment. (*See* Dkt.); *see also* Fed. R. Civ. P. 55(b) (describing two-step process for obtaining default judgment); Local Rules W.D. Wash. LCR 55(b) (same).

SHOW CAUSE ORDER - 1

Accordingly, the court ORDERS Mr. Waters to SHOW CAUSE why this case should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal with prejudice for failure to prosecute); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (noting that a district court has "inherent power *sua sponte* to dismiss a case for lack of prosecution"). Mr. Waters must respond to this show cause order no later than **April 24, 2023**. Alternatively, Mr. Waters may discharge this show cause order by filing a motion for default judgment by **April 24, 2023**. Failure to timely respond to this order to show cause may result in the dismissal of this action with prejudice. *See Henderson*, 779 F.2d at 1423 (discussing factors that the court considers in determining whether to dismiss for failure to prosecute).

Dated this 14th day of April, 2023.

JAMES L. ROBART
United States District Judge